UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

MICHAEL ANTHONY MILLER,

                                 Plaintiff,          Case # 18-cv-1215-FPG

v.                                                             DECISION AND ORDER

COMMISSIONER OF SOCIAL SECURITY,

                                 Defendant.
_____

**INTRODUCTION**

On April 28, 2014, Plaintiff Michael Anthony Miller protectively applied for Disability Insurance Benefits under Title II of the Social Security Act ("the Act") and Supplemental Security Income under Title XVI of the Act, alleging disability beginning June 6, 2006. Tr.[1] 169-81. He later withdrew his Title II claim and amended his Title XVI claim to allege disability beginning April 22, 2014. Tr. 299. After the Social Security Administration ("SSA") denied his claim, Plaintiff appeared, with counsel, at a hearing before Administrative Law Judge Bryce Baird ("the ALJ"). Tr. 14-56. On March 22, 2017, the ALJ issued an unfavorable decision. Tr. 85-101. The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final decision of the SSA. Tr. 1-6. Plaintiff appealed to this Court.[2] ECF No. 1.

The parties moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). ECF Nos. 12, 19. For the reasons that follow, Plaintiff's motion is GRANTED, the Commissioner's motion is DENIED, and this matter is REMANDED for further proceedings.

---

[1] "Tr." refers to the administrative record in this matter. ECF No. 9.

[2] The Court has jurisdiction over this action under 42 U.S.C. §§ 405(g), 1383(c)(3).

1

## LEGAL STANDARD

### I. District Court Review

When it reviews a final decision of the SSA, it is not the Court's function to "determine *de novo* whether [the claimant] is disabled." *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998). Rather, the Court "is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (citing 42 U.S.C. §§ 405(g), 1383(c)(3)) (other citation omitted). The Commissioner's decision is "conclusive" if it is supported by substantial evidence. 42 U.S.C. §§ 405(g), 1383(c)(3). "Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (citations omitted).

### II. Disability Determination

To determine whether a claimant is disabled within the meaning of the Act, an ALJ follows a five-step sequential evaluation: the ALJ must determine (1) whether the claimant is engaged in substantial gainful work activity; (2) whether the claimant has any "severe" impairments that significantly restrict his ability to work; (3) whether the claimant's impairments meet or medically equal the criteria of any listed impairments in Appendix 1 of Subpart P of Regulation No. 4 (the "Listings"), and if they do not, what the claimant's residual functional capacity ("RFC") is; (4) whether the claimant's RFC permits him to perform the requirements of his past relevant work; and (5) whether the claimant's RFC permits him to perform alternative substantial gainful work which exists in the national economy in light of his age, education, and work experience. *See Parker v. City of New York*, 476 U.S. 467, 470-71 (1986); *Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999); *see also* 20 C.F.R. §§ 404.1520, 416.920.

# DISCUSSION

## I. The ALJ's Decision

The ALJ analyzed Plaintiff's claim for benefits using the process described above. At step one, the ALJ found Plaintiff had not engaged in gainful activity since the alleged onset date. Tr. 87. At step two, the ALJ found that Plaintiff had several severe impairments, including generalized anxiety disorder, depression, fracture of the right wrist, history of left shoulder fracture and arthritis, left tendon tear, and learning disability. Tr. 87. At step three, the ALJ found that Plaintiff's impairments did not meet or medically equal any Listings impairment. Tr. 88.

Next, the ALJ determined that Plaintiff retains the RFC to perform simple, routine work "with no production or pace work" and "no more than superficial interaction with the public and occasional interaction with co-workers." Tr. 90. Plaintiff could perform work that does not require teamwork, and work that may vary occasionally, "but not regularly with respect to duties, hours, or locations." Tr. 90. As for Plaintiff's physical limitations, the RFC limited Plaintiff to carrying 10 pounds occasionally and five pounds frequently, and limited Plaintiff to sitting, standing, and walking for six hours each in an eight-hour workday. Tr. 90. The RFC also permits Plaintiff to frequently: reach bilaterally; perform overhead reaching with the left arm; and handle and finger with the right hand. Tr. 90. However, Plaintiff could not climb, crawl, or be exposed to vibrations. Tr. 90.

At step four, the ALJ found that Plaintiff had no past relevant work. Tr. 100. At step five, the ALJ determined that there were jobs in the national economy that Plaintiff could perform, and therefore the ALJ concluded that Plaintiff is not disabled. Tr. 100-01.

**II.     Analysis**

Plaintiff argues that the ALJ (1) failed to give adequate weight to the mental health opinion from Plaintiff's treating psychiatrist, Kalaiselvi Rajendran, M.D., dated September 13, 2016 and (2) failed to develop the record with respect to internal consultative evaluator Hongbiao Liu, M.D.'s opinion that Plaintiff should be "reevaluated after the right forearm cast is removed." ECF No. 12-1, at 22-28. The Court agrees that the ALJ failed to develop the record.

Because Social Security proceedings are inquisitorial rather than adversarial, *Sims v. Apfel*, 530 U.S. 103, 110-11 (2000), "the social security ALJ, unlike a judge in a trial, must on behalf of all claimants . . . affirmatively develop the record in light of the essentially non-adversarial nature of a benefits proceeding." *Moron v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (internal quotation marks and citation omitted). As part of this duty, the ALJ must "investigate the facts and develop the arguments both for and against granting benefits." *Sims*, 530 U.S. at 111. Therefore, under the applicable regulations, before making a disability determination, the ALJ must develop a claimant's complete medical history. *Pratts v. Chater*, 94 F.3d 34, 37 (2d Cir. 1996) (internal citation omitted). Importantly, the ALJ bears this affirmative duty "even when the claimant is represented by counsel." *Sotososa v. Colvin*, No. 15-CV-854, 2016 WL 6517788, at *4 (W.D.N.Y. Nov. 3, 2016).

Here, the ALJ failed to develop the record. There was an obvious, identified gap in the record: internal consultative evaluator Dr. Liu, whose opinion the ALJ gave "great weight," opined, *inter alia*, that Plaintiff would have "moderate limitation for lifting, carrying, and overhead reaching" but that Plaintiff "should be reevaluated after the right forearm cast is removed." Tr. 416. At the time of the opinion in July 2014, Plaintiff's right arm was in a cast following wrist surgery earlier that year. Tr. 413. In his decision, the ALJ incorporated Dr. Liu's opinion into the

RFC and even acknowledged Dr. Liu's directive for Plaintiff to be reevaluated. Tr. 96. But the ALJ never recontacted Dr. Liu or sought any reevaluation of Plaintiff's right-hand limitations following the removal of the cast. Indeed, the ALJ appeared to assume that Plaintiff's right hand and arm functioning was not significantly limited because the RFC permits Plaintiff to "occasionally use hand controls with the right hand" and frequently reach, and handle and finger with his right hand. Tr. 90.

The Commissioner now argues that the ALJ was not under an obligation to develop the record because several subsequent examinations were "unremarkable." Tr. 534, 618. That may be true, but one such record indicates that Plaintiff "complaints of pain in r[igh]t wrist," Tr. 534, and another from Dr. Timothy McGrath on April 27, 2015 advised Plaintiff to "continue to avoid strenuous lifting pushing or pulling and reaching from behind," Tr. 618. Indeed, the record is devoid of further references to Plaintiff's right arm and hand functioning. While that may indicate an improvement in functioning, it could also be that no other provider had the opportunity to evaluate and opine on Plaintiff's right arm and hand functioning after the cast was removed. This is perhaps precisely why Dr. Liu expressly sought a subsequent evaluation. The absence of treating records or opinions regarding Plaintiff's right arm and hand functioning creates a gap in the record that the ALJ should have sought to fill.

The ALJ's decision is further compromised in that the ALJ never explained his decision to give "great weight" to the opinion from Dr. Liu, while ignoring the part of that same opinion to seek reevaluation. Any attempt to explain the ALJ's failure to develop the record is *post hoc* rationalization. *Alazawi v. Comm'r of Soc. Sec.*, No. 18-CV-00633, 2019 WL 4183910, at *4 (W.D.N.Y. Sept. 4, 2019) ("This court may not create post-hoc rationalizations to explain the

Commissioner's treatment of evidence when that treatment is not apparent from the Commissioner's decision itself." (quoting another source)).

Although the Court need not reach Plaintiff's argument that the ALJ erred by giving "little weight" to the opinion of Plaintiff's treating psychiatrist, the Court notes that the first page of that opinion is conspicuously missing from the record.[3] Dr. Rajendran opined that Plaintiff was seriously limited in all mental abilities and aptitudes and had no useful ability to function due to anxiety and panic. Tr. 714-16. The cover page for Dr. Rajendran's medical source statement indicates "page 1 missing, unable to locate at this time." Tr. 712. But the ALJ never mentioned this missing page, despite giving the opinion "little weight" because "the limitations given are inconsistent with the medical evidence of record, as a whole, including the consultative examiner's opinion . . . and the State agency consultant's opinion." Tr. 99. The opinions and findings of a treating physician are "especially important part[s] of the record to be developed by the ALJ." *Gonzalez-Cruz v. Comm'r of Social Sec.*, No. 17-CV-6406, 2018 WL 4658725, at *3 (W.D.N.Y. Sept. 28, 2018) (quoting another source); *see also* 42 U.S.C. § 423(d)(5)(B). Given that the ALJ rejected Dr. Rajendran's opinion as being "inconsistent" with the rest of the medical record, it would be helpful to know what the entirety of Dr. Rajendran's opinion actually said. *See Corey v. Astrue*, No. 5:08-CV-0290, 2009 WL 4807609, at *4 (N.D.N.Y. Dec. 8, 2009) (remanding where ALJ failed to obtain missing records).

Because the ALJ did not fulfill his duty to develop the record, remand to the Commissioner is appropriate. *See Cooper v. Comm'r of Social Sec.*, No. 18-CV-139, 2019 WL 1894205, at *6 (W.D.N.Y. Apr. 29, 2019).

---

[3] The parties do not raise the issue of the missing page.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for judgment on the pleadings (ECF No. 12) is GRANTED, the Commissioner's motion for judgment on the pleadings (ECF No. 19) is DENIED, and the matter is REMANDED to the Commissioner for further administrative proceedings consistent with this opinion, pursuant to sentence four of 42 U.S.C. § 405(g). The Clerk of Court shall enter judgment and close this case.

IT IS SO ORDERED.

Dated: March 9, 2020
      Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court